NELSON P. COHEN
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513
Phone:(907) 271-5071
Fax: (907) 271-1500
E-Mail: kevin.feldis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:04-cr-00036-JKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | GOVERNMENT'S OPPOSITION |
| | ) | TO DEFENDANT'S MOTION TO |
| WARREN BROOKS, | ) | CORRECT SENTENCE AND |
| | ) | MODIFY JUDGMENT |
| Defendant. | ) | |
| | ) | |
| | ) | |

The United States hereby responds to Defendant Brooks' Motion to Correct Sentence and Modify Judgment by stating that it supports Mr. Brooks being given credit for time he has served in federal custody in this case but has no independent information regarding the accuracy of Mr. Brooks time accounting records. Although it supports Mr. Brooks obtaining an accurate accounting, the United

States opposes his motion to modify the judgment because: (1) the Court lacks jurisdiction to amend the final judgment entered in this case on November 30, 2005; (2) Federal Rule of Criminal Procedure 36 (Rule 36), relied upon by defendant, does not provide legal authority for the Court to make the type of substantive changes to his final judgment that he requests; and (3) the proper procedure and venue for seeking judicial review of this matter is through a petition under 28 U.S.C. § 2241 filed in the district where he is in custody.

To the extent that Mr. Brooks believes that the Bureau of Prisons has miscalculated the credit he should have received for time he has served, the United States does not oppose the Court requesting that the Bureau of Prisons review Mr. Brooks' time accounting record to determine whether any errors have been made.

**I.     Argument**

Mr. Brooks has represented to the Court that he was not given proper credit for the time he has served in federal custody.  Specifically, Mr. Brooks argues that between July 22, 2004 and September 23, 2005 there were no state charges pending against him and that he therefore should have but did not receive federal credit for this period of time.  Mr. Brooks has not presented any evidence in support of his claim.  Although the United States believes that Mr. Brooks should obtain full credit for the time he has served in federal custody, the United States

Attorney's Office has no independent information regarding the time he has served in federal versus state custody, or the time he should be credited by the Bureau of Prisons.

Rather than seek an administrative or judicial review of his time accounting, Mr. Brooks has filed a motion to amend the judgement. He seeks to substantively add to the language of the judgment and to modify its meaning as indicated in bold below:

> "30 months on each of Counts 1 and 2, both such terms to run concurrently **with each other**, and **concurrently with any state sentence**, Defendant **shall** receive credit for **any prior time served in custody** from March 7, 2004 **to the present**."

These are substantive changes that include ordering that Mr. Brooks federal sentence run concurrent with a State sentence that had not yet been imposed at the time the judgment was entered. Accordingly, the United States must oppose this motion because it is legally improper.

**First**, the Court lacks jurisdiction to consider Mr. Brooks' post-conviction motion to amend the judgment. Final judgment was entered on November 30, 2005, and the deadline for filing an appeal has long passed. See Federal Rule of Appellate Procedure 4(b). Mr. Brooks seeks to have the Court modify the 2005

judgment in this case to substantively change its language such that his federal sentence would run concurrent with a state court sentence that was imposed after the federal judgment became final. The Court could not have issued such a speculative and anticipatory order at the time the judgement was entered, and it may not now retroactively amend the judgement on account of the sentence he later received from the States of Alaska. Similarly, he also seeks to change the language of the judgment such that he would receive credit for "any prior time served in custody" (without differentiating between federal and state custody). Through this change, he presumably seeks to obtain credit for time he was in state custody prior to his federal sentencing. This is likewise a substantive change beyond the current jurisdiction of the court.

**Second**, Rule 36 provides for the very limited authority to correct "clerical errors" and cannot be used as a surrogate for the type of substantive post-conviction relief Mr. Brooks seeks. The changes sought by Mr. Brooks are far more than clerical. In fact, he seeks to substantively amend the judgement to have it run concurrent with a state sentence that was imposed after this judgment was entered. Not only does this request reveal the substantive nature of the change requested, but Mr. Brooks has not offered any authority to support his proposition that the Court could have even considered entering such a speculative order.

Similarly, Mr. Brooks seeks to remove the court's language that he should receive credit for time served in "federal custody," and replace it with a more ambiguous reference to "custody." Here again, this change appears to substantively modify the meaning of the judgement. Moreover, without more evidence, it is impossible to know what the Court intended, or what authority the court would have had to order that Mr. Brooks receive federal credit for time spent in state custody.

**Third**, if Mr. Brooks believes he is being held in violation of his constitutional rights or this court's judgment, he has a remedy available to him by filing a motion pursuant to 28 U.S.C. § 2241. He may also request that the Bureau of Prisons conduct a review of his time accounting.

//

//

//

//

//

For these reasons, the United States respectfully requests that Mr. Brooks' motion be denied.

RESPECTFULLY SUBMITTED this 5th day of August, 2008, in Anchorage, Alaska.

                                            NELSON P. COHEN
                                            United States Attorney

                                            s/ Kevin Feldis
                                            KEVIN FELDIS
                                            Assistant U.S. Attorney
                                            Federal Building & U.S. Courthouse
                                            222 West Seventh Avenue, #9
                                            Anchorage, Alaska  99513
                                            Phone:(907) 271-5071
                                            Fax: (907) 271-1500
                                            E-Mail: kevin.feldis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2008
a copy of the foregoing GOVERNMENT'S
OPPOSITION TO DEFENDANT'S
MOTION TO CORRECT SENTENCE
AND MODIFY JUDGMENT was served
electronically on:

Rich Curtner, FPD
Counsel for Defendant


s/ Kevin Feldis
Office of the U.S. Attorney